**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Michael Mitera and Kobev International, Inc., | ) )  Case No. _____ |
| Plaintiffs | ) ) ) |
| v. | ) ) ) (formerly case 2016 L 218 in the |
| Ann Heinke and Overlook Consulting, Inc., | ) Circuit Court for the Sixteenth ) Judicial Circuit, Kane County ) Illinois) |
| Defendants | ) |

**Defendants' Notice of Removal**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(d), Defendants Ann Heinke ("Heinke") and Overlook Consulting, Inc. ("Overlook") (collectively, "Defendants"), by and through their attorneys, Patterson Law Firm, LLC, remove this civil action filed by Plaintiffs Michael Mitera ("Mitera") and Kobev International, Inc. ("Kobev") (collectively, "Plaintiffs") in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois to the United States District Court for the Northern District of Illinois. In support of removal, Defendants state as follows:

    **I.    Introduction**

1.    On April 28, 2016, Mitera and Kobev filed a lawsuit in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois against Overlook and Heinke alleging breach of fiduciary duty, conversion and seeking an accounting. Complaint, Exhibit 1.

2. The lawsuit results from the operations of Kobev, a company in which Mitera and Heinke were both shareholders. Exhibit 1.

3. Heinke and Mitera were both 50% shareholders of the company, which provided FANS 1/A testing.[1] Exhibit 1, ¶¶ 6-8.

4. Disputes developed between the shareholders, with Heinke resigning from her positions in August 2015, and waving her voting rights soon thereafter. Exhibit 1, ¶¶9-13.[2]

## II. The Court has diversity jurisdiction

5. This Court has original diversity jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332(a)(1), which provides for jurisdiction of civil cases between citizens of different states where the amount in controversy exceeds $75,000.00 (exclusive of interest and costs).

### a. Plaintiffs and Defendants are citizens of different states

6. The Complaint demonstrates the existence of complete diversity.

7. Mitera is a citizen of Illinois. Exhibit 1, ¶ 1.

8. Kobev is a citizen of Illinois, as its principal place of business and state of incorporation are both in Illinois. 28 U.S.C. § 1332(c)(1). Exhibit 1, ¶ 2.

9. Heinke is a citizen of New Jersey. Exhibit 1, ¶ 3; Declaration of Ann Heinke, Exhibit 2, ¶ 2.

---

[1] FANS (Future Air Navigation Systems) 1/A is a communication technology for aircraft.

[2] Defendants deny the allegations made in Plaintiffs' Complaint. The summation of facts contained in the Complaint is not intended to be an acknowledgement of their veracity. Defendants reserve all defenses, motions, and denials to the substantive allegations.

10. Overlook is a citizen of Colorado, with its principal place of business and state of incorporation being both in Colorado. Exhibit 1, ¶ 4; Exhibit 2, ¶ 3.

11. Therefore, as Plaintiffs are citizens of Illinois, and Defendants are citizens of Colorado and New Jersey, there is complete diversity between the citizenship of Plaintiffs and Defendants.

### b. The amount in controversy exceeds $75,000.00

12. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13. To determine the amount in controversy, a removing defendant "is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

14. The removing defendant need not show that the plaintiff will actually prevail or collect the amount sought. *Rising-Moore*, 435 F.3d at 816.

15. Here, Plaintiffs are seeking in excess of $75,000.00.

16. Plaintiffs' damage request is critical to determining the amount in controversy. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938).

17. Plaintiffs have pled two counts, conversion and breach of fiduciary duty, seeking damages.

18.     Each of these counts contains a request for relief that requests "in excess of $50,000.00." Exhibit 1.

19.     These counts must be combined for jurisdictional analysis, as it "is the case, rather than the claim, to which the $75,000 minimum applies." *Geschke v. Air Force Ass'n*, 425 F.3d 337, 341 (7th Cir. 2005) (internal citations omitted).

20.     In aggregate, Plaintiffs therefore claim in excess of $100,000.00. *Geschke v. Air Force Ass'n*, 425 F.3d at 341 (aggregating amounts sought in multiple counts).

21.     Plaintiffs also seek attorneys' fees, which can be included in the amount in controversy and will further increase the amount at issue. *Springstead v. Crawfordsville State Bank*, 231 U.S. 541, 542 (1913).

22.     In addition to Plaintiffs' explicit numerical demands in the Complaint, the accusations as to the conversion of the ground station software and technology alone constitute an amount in excess of $75,000.00.

23.     Plaintiffs claim that Defendants "[c]onverted the ground station software and technology developed by Kobev and funded by Mitera." Exhibit 1, ¶ 19(k).

24.     The cost to develop the ground station, including a post-development improvement, was over $80,000.00. Exhibit 2, ¶ 4.

25. The allegation that an asset worth over $80,000.00 was converted is in and of itself a basis for exceeding the jurisdictional threshold of this Court.

26. Plaintiffs' own requests for relief, which total in excess of $100,000.00, and allegations concerning conversion of the ground station, which are in excess of $80,000.00, demonstrate that Plaintiffs' claims easily exceed $75,000.00, exclusive of interest and costs.

27. As the citizenship of the Plaintiffs and Defendants is diverse, and the amount in controversy requirement is met, removal is proper.

### III. Compliance with removal procedures

28. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), permitting removal within thirty days after receipt of the initial pleading. As the complaint was served on Defendants on May 5, 2016, this notice is timely. Exhibit 2, ¶5.

29. Venue is proper pursuant to 28 U.S.C. § 1441(a), as it is the district in which the state case is pending.

30. As required by 28 U.S.C. § 1446(a), copies of documents filed in the state court action are attached as Exhibit 3.

31. Defendants will promptly after filing this Notice of Removal provide written notice to the Plaintiff and will file a copy of this Notice with the clerk of the Kane County Clerk of Court, as required by 28 U.S.C. § 1446(d).

Wherefore, Defendants respectfully request that this Court assume jurisdiction over this matter and for such other relief as this Court deems proper.

Dated: May 27, 2016          Respectfully submitted,

                                           /s/Michael Haeberle
                                           Thomas Patterson (IL 3128587)
                                           Michael Haeberle (IL 6309264)
                                           The Patterson Law Firm, LLC
                                           One North LaSalle
                                           Suite 2100
                                           Chicago, IL 60602
                                           (312) 223-1699
                                           (312) 223-8549 [fax]
                                           Attorneys for Defendants