IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

| | | |
|---|---|---|
| Michael Mitera and Kobev International, Inc., | ) ) ) | '16 L 218 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. |
| Ann Heinke and Overlook Consulting, Inc., | ) ) ) | Jury Demand |
| Defendants. | ) | |

**COMPLAINT**

NOW COME the Plaintiffs, Michael Mitera ("Mitera") and Kobev International, Inc. ("Kobev"), by and through their attorneys, Nealis & Garrow, P.C., and for their Complaint against Ann Heinke ("Heinke") and Overlook Consulting, Inc. ("Overlook") state as follows:

1. Mitera is a resident of Sugar Grove, Kane County, Illinois. Mitera is a shareholder of Kobev, and a director and officer of Kobev.

2. Kobev is an Illinois corporation with its principal place of business in Sugar Grove, Kane County, Illinois.

3. Heinke is a resident of Bridgeton, Cumberland County, New Jersey. Heinke is a shareholder of Kobev, and a former director and former officer of Kobev.

4. Overlook is a Colorado corporation with its principal place of business in Loveland, Larimer County, Colorado. On information and belief, Heinke is the sole shareholder, director and officer of Overlook.

1

EXHIBIT 1

5. Kobev was incorporated on or about March 20, 2013.

6. Kobev issued One Thousand (1000) shares as follows: Mitera, 500 shares (50%) and Heinke, 500 shares (50%).

7. Kobev was at all relevant times engaged in the avionics and avionics testing and training business.

8. From inception and planning to Heinke's resignation, both Mitera and Heinke were actively involved in the operations of Kobev. Mitera was primarily involved in administration, training and sales, and has provided all of the funding to operate Kobev and develop ground station software and technology for FANS 1/A testing.

9. Shortly after formation, Heinke began engaging in certain activities, and attempted to unilaterally preclude Mitera from being engaged in the operations of Kobev, and to unscrupulously convert corporate assets for her personal gain and for the benefit of her corporation Overlook.

10. On or about March 4, 2014, Heinke made a demand for Mitera to surrender one half of his shares and for Kobev to pay 90% of Kobev's revenue from training to Overlook.

11. Thereafter, Heinke continued with her various attempts to divert revenue and assets from Kobev to herself and Overlook.

12. On August 13, 2015, Heinke resigned her positions as an officer and director of Kobev. On August 15, 2015, Heinke made a statutory election to waive her voting rights and to otherwise control the activities of Kobev.

2

13. Said actions were taken because Heinke believes she can continue to solicit the customers of Kobev for her own benefit (and for the benefit of Overlook) and to unlawfully compete with Kobev.

## COUNT I

## BREACH OF FIDUCIARY DUTY

1-13. Plaintiffs reallege paragraph 1 through 13 as paragraphs 1 through 13 of this Count I.

14. Kobev is a non-public corporation in that it has no shares listed on a national securities exchange or regularly traded in a market maintained by one or more members of a national or affiliated securities association.

15. Mitera and Heinke comprise all of the ownership of the shares of Kobev.

16. Due to the relationship between the parties the shareholders of Kobev are fiduciaries to one another.

17. Heinke's actions (individually and by and through Overlook) are limited by her fiduciary duties to Kobev and her fellow shareholder Mitera.

18. Accordingly, Heinke owes a duty to exercise the highest degree of honesty and good faith in dealing and handling the assets of Kobev, thereby prohibiting the enhancement of personal interests at the expense of the interests of Kobev and Mitera.

19. Heinke breached her fiduciary duties in one or more of the following ways:

(a) Prevented Mitera from sharing in the profits of Kobev by converting the revenue of Kobev to herself and Overlook.

(b) Attempted to force Mitera into a stock transfer without adequate compensation;

(c) Prepared unauthorized corporate minutes attempting to transfer and convert fifty percent of Mitera's shares to herself;

(d) Engaged in conduct that has prevented Mitera from receiving compensation for his equity position, while Heinke and Overlook received compensation;

(e) Ordered corporate checks and unlawfully converted Kobev funds by writing checks to herself and Overlook.

(g) Solicited Kobev clients to instead be clients of Overlook;

(h) Redirected business and attempt to redirect business away from Kobev to Overlook, including but not limited to business with Associated Air Center, Malibu Flight Operations, Dan Buzz & Associates, and Banyan Air Service;

(i) Arranged for FANS 1/A testing to be done through Overlook while a shareholder, director and officer of Kobev;

(j) Arranged for FANS 1/A testing while a shareholder, director and officer of Kobev to be done by her and Overlook after she made her statutory election to waive her voting rights and to otherwise control the activities of Kobev; and

4

(k) Converted the ground station software and technology developed by Kobev and funded by Mitera in order to unlawfully engage in a competing business.

20. Heinke has engaged in said activities individually and by and through Overlook.

21. By reason of said breaches of fiduciary duty, Heinke has enhanced her personal interests at the expense and interest of Kobev and Mitera, and in an amount which the Plaintiffs continue to investigate but which is currently in excess of $50,000.00

WHEREFORE, the Plaintiffs, Michael Mitera and Kobev International, Inc., request this Court find:

A. That the aforementioned acts of Heinke and Overlook constitutes breaches of fiduciary duty to Kobev and Mitera;

B. That an amount of damages as a result of said breaches of fiduciary duty be determined and awarded to Mitera and Kobev (and against Heinke and Overlook), which are being investigated but currently exceeds $50,000.00; and

C. For such other and further relief (including attorney's fees and costs) this Court deems just and equitable.

## COUNT II

### CONVERSION OF CORPORATE FUNDS

1-13. Plaintiffs repeat and reallege paragraphs 1 through 13 as paragraphs 1 through 13 of this Count I.

14. Kobev is a non-public corporation in that it has no shares listed on a national securities exchange or regularly traded in a market maintained by one or more members of a national or affiliated securities association.

15. Prior to August 13, 2015, Heinke was an officer and director of Kobev. In such capacity, Heinke owed a fiduciary duty to Kobev and her fellow shareholder Mitera.

16. Heinke has at all relevant times been a shareholder of Kobev.

17. It was understood that Mitera would be employed by Kobev and otherwise receive compensation for his equity position in the Company.

18. Mitera was in fact an officer and director of Kobev and provided valuable services including but not limited to responsibility for administration, training and sales, and has provided all of the funding to operate Kobev and to develop ground station software and technology.

19. Heinke, as director, officer and shareholder of Kobev has converted corporate assets in one or more of the following ways:

(a) Prevented Mitera from sharing in the profits of Kobev by converting the revenue of Kobev to herself and Overlook.

(b) Attempted to force Mitera into a stock transfer without adequate compensation;

(c) Prepared unauthorized corporate minutes attempting to transfer and convert fifty percent of Mitera's shares to herself;

(d) Engaged in conduct that has prevented Mitera from receiving compensation for his equity position, while Heinke and Overlook received compensation;

(e) Ordered corporate checks and unlawfully converted Kobev funds by writing checks to herself and Overlook.

(g) Solicited Kobev clients to instead be clients of Overlook;

(h) Redirected business and attempt to redirect business away from Kobev to Overlook, including but not limited to business with Associated Air Center, Malibu Flight Operations, Dan Buzz & Associates, and Banyan Air Service;

(i) Arranged for FANS 1/A testing to be done through Overlook while a shareholder, director and officer of Kobev;

(j) Arranged for FANS 1/A testing while a shareholder, director and officer of Kobev to be done by her and Overlook after she made her statutory election to waive her voting rights and to otherwise control the activities of Kobev; and

(k) Converted the ground station software and technology developed by Kobev and funded by Mitera in order to unlawfully engage in a competing business.

7

20. Said acts of Heinke (individually and by and through Overlook) constitute a conversion of corporate assets and such actions have caused and are causing damage to Mitera and Kobev.

21. Such damage includes purposely destroying the value of Kobev and unlawfully misappropriates ground station software and technology, clients, revenue and assets of Kobev for the benefit of Heinke and Overlook.

22. By reason of said facts and circumstances, Mitera and Kobev have been damaged in an amount which they continue to investigate, but which is certainly in excess of $50,000.00.

WHEREFORE, the Plaintiffs, Michael Mitera and Kobev International, Inc., request the Court enter an order herein:

A. That the aforementioned acts of Heinke (individually and by and through Overlook) constitute conversion;

B. That an amount of damages as a result of said conversion is to be determined and awarded to Mitera and Kobev (and against Heinke and Overlook), which is being investigated but which currently exceeds $50,000.00; and

C. For such other and further relief (including attorney's fees and costs) as the Court deems equitable and just.

## COUNT III

### ACCOUNTING

1-13. Plaintiffs repeat and reallege paragraphs 1 through 13 as paragraphs 1 through 13 of this Count III.

14. Heinke handled certain financial and accounting functions of Kobev, and some of the monies realized from Kobev's operations came into her possession.

15. Mitera has repeatedly requested Heinke make a full accounting of her involvement in Kobev's transactions and operations but Heinke has and continues to refuse to do so.

16. A true accounting of Kobev's operations and receipts would disclose that Heinke (individually and by and through Overlook) has not properly reported and safeguarded Kobev's assets for the mutual benefit of all shareholders, all to Mitera's and Kobev's damage and loss.

WHEREFORE, the Plaintiffs, Michael Mitera and Kobev International, Inc., ask this Court to enter an Order herein:

A. That an accounting be taken of all transactions of the Company, from its inception until August 13, 2015, under the Court's direction;

B. That Heinke and Overlook be ordered to pay to Mitera and Kobev any and all amount(s) found due by the accounting;

C. Granting Plaintiffs such other, further and different relief (including attorney's fees and costs) as the Court deems equitable and proper.

Respectfully submitted,

*[signature]*

One of the attorneys for Plaintiffs
Michael Mitera and
Kobev International, Inc.

Alan Garrow
Nealis & Garrow, P.C.
510 South Batavia Avenue
Batavia, IL 60510
(630) 879-1213

10